BERGER, Judge.
Respondent-mother appeals from a permanency planning order that granted guardianship of her child C.S.L.B. ("Cathy") to Cathy's maternal grandmother, T.B. ("Teresa"), and guardianship of her children C.P.R.B. ("Callie") and S.C.R.B. ("Sarah") to their maternal aunt, S.B. ("Sandra").[1] We affirm the awards of guardianship, but vacate the order in part and remand for adoption of an appropriate visitation plan, and further review and permanency planning hearings.
On March 4, 2015, the Orange County Department of Social Services ("OCDSS") filed petitions alleging Cathy, Callie, and Sarah were neglected and dependent juveniles based on allegations that Respondent-mother suffered from substance abuse and mental health issues. Respondent-mother entered into a safety plan with OCDSS that provided, in part, the children would remain in her home; their father would stay in the home to help care for them; and Teresa would go to the home each day to check on them. The children were found to be dependent juveniles pursuant to a consent order entered March 10, 2015; however, the order provided that it was in the children's best interest to remain in the parents' home.
On April 15, 2015, OCDSS obtained non-secure custody of the children. The trial court held a hearing the next day, and entered an order on May 1, 2015 continuing custody of the children with OCDSS, but ordering Cathy be placed with Teresa, and Callie and Sarah be placed with Sandra.
The trial court continued custody of the children with OCDSS and their placements with Teresa and Sandra in subsequent custody review orders. The court held a permanency planning hearing on November 19, 2015, and set the permanent plan for the children as reunification with a concurrent plan of guardianship. Reunification with guardianship as a secondary plan remained the permanent plan for the juveniles through July 14, 2016, whereupon the court set the primary plan as guardianship with a relative and the secondary plan as reunification.
After an August 4, 2016 hearing, the trial court entered a permanency planning order on September 20, 2016 that awarded guardianship of Cathy to Teresa, and guardianship of Callie and Sarah to Sandra. The order granted Respondent-mother weekly unsupervised visitation with the children, closed the matter to further reviews, and relieved OCDSS and the children's guardian ad litem from further responsibility in the case. Respondent-mother filed timely notice of appeal from this order.
Respondent-mother first argues the trial court erred in removing reunification as a permanent plan for the children without making the findings required by N.C. Gen. Stat. § 7B-906.2(b) (2016). Citing to this Court's opinion in In re N.B. , 240 N.C. App. 353, 771 S.E.2d 562 (2015), Respondent-mother contends that the secondary plan of reunification was eliminated when the trial court granted guardianship over the children, closed the juvenile case, and relieved OCDSS of further responsibilities. Although we agree with Respondent-mother that the trial court did not make the findings mandated by Section 7B-906.2(b) in this case, Respondent-mother is mistaken that the trial court eliminated reunification as a permanent plan for the children. Respondent-mother conflates removing reunification as a permanent plan for the children with ceasing reunification efforts. In N.B. , this Court held that a trial court "effectively ceases reunification efforts by (1) eliminating reunification as a goal of [the children's] permanent plan, (2) establishing a permanent plan of guardianship with [the proposed guardians], and (3) transferring custody of the children from [DSS] to their legal guardians." Id. at 362, 771 S.E.2d at 568 (citations omitted).
Here, even though the trial court established guardianships for Cathy, Callie, and Sarah, the trial court specifically found that "[t]he best plan of care for the juveniles to achieve a safe, permanent home is a primary permanent plan of guardianship with a relative with a secondary plan of reunification[.]" Because the court did not eliminate reunification as a permanent plan for the children, the court was not required to make the findings mandated by Section 7B-906.2(b), and it did not err in failing to do so.
Next, Respondent-mother argues the trial court erred in closing the juvenile case to further review hearings. A trial court may waive further review and permanency planning hearings in a juvenile case
if the court finds by clear, cogent, and convincing evidence each of the following:
(1) The juvenile has resided in the placement for a period of at least one year.
(2) The placement is stable and continuation of the placement is in the juvenile's best interests.
(3) Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months.
(4) All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion.
(5) The court order has designated the relative or other suitable person as the juvenile's permanent custodian or guardian of the person.
N.C. Gen. Stat. § 7B-906.1(n) (2016). Our "review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and whether the findings support the conclusions of law. If the trial court's findings of fact are supported by any competent evidence, they are conclusive on appeal." In re P.O. , 207 N.C. App. 35, 41, 698 S.E.2d 525, 530 (2010) (citations omitted).
Here, the trial court designated relatives as guardians of the children, found the children had resided with their guardians for at least one year, and concluded the children's placement with their relatives was stable and in their best interests. The trial court's order, however, is silent as to whether all parties were aware that the matter could be brought into court for review by the filing of a motion or on the court's own motion.
Moreover, by leaving reunification as a secondary permanent plan for the children, Respondent-mother continued to have the right to have OCDSS provide reasonable efforts toward reunifying the children with her, and the right to have the court evaluate those efforts. See N.C. Gen. Stat. § 7B-906.1(d) - (e) (2016) (requiring the trial court to make findings at review and permanency planning hearings regarding efforts to reunite parents with their children); see also N.C. Gen. Stat. § 7B-906.2(b) (2016) (providing that until reunification is removed as a permanent plan for a juvenile, "[t]he court shall order the county department of social services to make efforts toward finalizing the primary and secondary permanent plans and may specify efforts that are reasonable to timely achieve permanence for the juvenile"). Accordingly, the trial court erred in ceasing further review hearings and relieving OCDSS and the guardian ad litem of further responsibilities in this case, and we must vacate this portion of its order.
Respondent-mother also argues the trial court erred in adopting the visitation plan set forth in the guardianship order, because the court improperly delegated its authority to the guardians. We agree.
Section 7B-905.1 of the North Carolina Juvenile Code provides:
(a) An order that removes custody of a juvenile from a parent, guardian, or custodian or that continues the juvenile's placement outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile consistent with the juvenile's health and safety. The court may specify in the order conditions under which visitation may be suspended.
....
(c) If the juvenile is placed or continued in the custody or guardianship of a relative or other suitable person, any order providing for visitation shall specify the minimum frequency and length of the visits and whether the visits shall be supervised. The court may authorize additional visitation as agreed upon by the respondent and custodian or guardian.
N.C. Gen. Stat. § 7B-905.1 (2015). "This Court reviews the trial court's dispositional orders of visitation for an abuse of discretion." In re C.M. , 183 N.C. App. 207, 215, 644 S.E.2d 588, 595 (2007) (citations omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." White v. White , 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citation omitted). However, the trial court may not delegate its judicial function of awarding visitation to the custodian of a child. See In re J.D.R. , 239 N.C. App. 63, 75, 768 S.E.2d 172, 180 (2015).
Here, the trial court's order awarding visitation provides in pertinent part:
[Respondent-mother] shall have a minimum visitation schedule with [Cathy, Callie, and Sarah] as follows:
....
Visits shall occur unsupervised for four hours a week upon leaving the Daybreak program provided [Respondent-mother] tests negative and there is no concern she is using. She should not leave the children alone with anyone else during visitation, unless it is [with a family member]. Visits can become longer and more frequent with every six months of clean time outside the program. Visits should return [to] supervised or be suspended if [Respondent-mother] tests positive for [illegal] substances, if there is concern she is using, or if there is concern for discord between [Respondent-mother] and [the children's father] during visits.
(Emphasis added). Although this visitation provision complies with the requirements of Section 7B-905.1, it improperly delegates the court's judicial function to the guardians by allowing them to unilaterally modify Respondent-mother's visitation. Accordingly, we must vacate the trial court's visitation award because it leaves Respondent-mother's visitation to the discretion of the guardians based on their "concerns." See Id. at 75-76, 768 S.E.2d at 179-80 (custodian/guardian cannot determine visitation plan).
Respondent-mother does not otherwise challenge the order appointing guardians for Cathy, Callie, and Sarah, and, except as discussed above, the trial court's order is affirmed.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
Report per Rule 30(e).
Judges ELMORE and TYSON concur.

Pseudonyms are used throughout to protect the identity of the children pursuant to N.C.R. App. P. 3.1(b), and for ease of reading.